KIT–DAL CINEMA, INC., et al., Plaintiffs,

v.

VILLAGE OF DOWNERS GROVE, ILLINOIS, et al., Defendants.

No. 81 C 793.

United States District Court, N. D. Illinois, E. D.

Sept. 15, 1981.

Howard J. DePree, Bates, DePree, Bard & Wilson, Chicago, Ill., Taylor & Rubin, Stephen Taylor, Southfield, Mich., for plaintiffs.

Barbara J. Gosselar, Downers Grove, Ill., Aaron J. Kramer, Frederick J. Sperling, Schiff, Hardin & Waite, Richard J. Hoskins, Guenther M. Philipp, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

The defendants have moved to dismiss by reason of a pending state suit. The motion is denied.

### FACTS

On January 13, 1981, the defendant Village of Downers Grove enacted Ordinance No. 2489, the "Adult Uses Licensing Ordinance." This ordinance provides that businesses that meet the definition of "Adult Uses" must obtain a license before operating in Downers Grove. The plaintiffs, Kit-Dal Cinema and its owner, Bonk, operate a movie theatre that presents films which fall into the category of "Adult Uses." Plaintiffs were required to comply with the ordinance by February 23, 1981. Plaintiffs refused to comply and on February 17, 1981, filed the instant suit seeking a declaratory judgment that the ordinance is unconstitutional and an injunction preventing its enforcement by the Village. Plaintiffs closed their theatre temporarily and requested a restraining order from Judge Parsons. Judge Parsons denied this request on February 25, 1981, and on that same day the Village filed an action in DuPage County Circuit Court, No. 81 CH 170, to enjoin the operation of the theatre by reason of Kit-Dal's failure to comply with the ordinance and obtain a license. That same day, the Village then filed a motion in this court seeking dismissal of the instant suit by reason of the pending state court suit.

On March 3, 1981, plaintiffs applied for and obtained a license for "Adult Uses," thereby mooting the state court enforcement action. However, on March 11, 1981, the Village filed an Amended Complaint in state court, seeking a declaratory judgment that the ordinance is constitutionally valid and an injunction prohibiting Kit-Dal from violating it in the future. On March 25, 1981, Kit-Dal filed a motion to dismiss in state court, which was denied on July 7, 1981. In denying the motion, the state court stated, in part, "[t]hat if the case between the parties which is before the federal court is not dismissed by the federal court, Defendants shall have leave to resubmit their motion to dismiss to this court."

### DISCUSSION

Defendants argue in their motion that the present federal suit should be dismissed by reason of the pendency of a state court action. Defendants rely upon the doctrine enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which requires that the federal courts abstain from asserting jurisdiction over a suit when there is a state enforcement proceeding pending at the time of the filing of the federal suit.

In *Younger,* the Supreme Court dissolved an injunction issued by a federal district court against a state criminal prosecution, which was pending at the time the federal suit was filed. The Court held that a "national policy" of "Our Federalism" and comity among the states and the federal government forbids federal injunctive interference with state enforcement proceedings unless the defendant would suffer "great and immediate" irreparable injury. The court established standards for determining when enjoining state prosecutions is proper, but for reasons discussed herein, those standards are not applicable in the instant case.

The Court based its opinion upon the special interest the states have in the orderly functioning of judicial proceedings to enforce state and local statutes and ordinances free from interference by the federal courts. A state defendant can always raise the constitutionality of the ordinance as a defense in the state prosecution. *Younger* has been affirmed and slightly expanded in subsequent cases to include

some cases in which the state prosecution was filed subsequent to the filing of the federal suit. If no proceedings of substance have occurred in the federal court, *Younger* requires that the federal court defer to the state proceedings. *Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 2291, 45 L.Ed.2d 223 (1975); *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975).

However, in contrast to criminal prosecutions, a state's interest in the conduct of ordinary civil litigation, particularly where the only issue is a federal constitutional question, may be no greater than a federal court's interest in the orderly functioning of the federal judicial system and the preservation of federal jurisdiction. In the instant case, where there are concurrent federal and state civil suits, the federal court must examine the substantive issues raised in order to determine whether (a) there is a predominant state interest in the litigation, *see Louisiana Power & Light v. Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1960), or (b) there is an unsettled issue of state law, the resolution of which would render unnecessary a decision on the federal constitutional question, *see Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Either event would argue for federal abstention.

In the instant case, the initial enforcement proceeding has been mooted. The Amended Complaint in the state suit addresses only a civil question identical to the one raised in the instant federal suit—the constitutionality of the disputed ordinance. Certainly the state court's interest in resolving this question is no greater than the interest of the federal court. In the absence of any predominant state interest, unsettled question of state law, or other adverse effect on comity or federalism (such as existed in *Younger* and *Pullman*), the prior filing of a federal suit, being the initial plaintiff's choice of forum, and an

invocation of federal jurisdiction, carries great weight. Indeed, even if the state suit, as amended, had been filed first, Kit-Dal would have been able to remove and invoke the federal question jurisdiction of this court, since a federal question appears on the face of the amended state complaint.

The federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), and a concurrent obligation to preserve that jurisdiction when properly invoked. The Village herein seeks to utilize the *Younger* doctrine as merely a tactic to evade the proper jurisdiction of this court.

The motion to dismiss is denied. We do not address the question of whether the state court proceedings should be enjoined "in aid of [our] jurisdiction" pursuant to 28 U.S.C. § 2283, since the state court has indicated its willingness to reconsider its denial of Kit-Dal's motion to dismiss upon a decision by this court to retain jurisdiction.[1]

---

1. Plaintiff should amend its complaint within 15 days of this order to frame the constitutional issue presented by the current factual situation. Plaintiff has been granted the permit which it did not have at the time suit was filed. Defendant may plead to the amended complaint within 14 days thereafter.